UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NIKOLAI SIMON BATTOO; BC CAPITAL GROUP S.A.; BC CAPITAL GROUP INTERNATIONAL LIMITED a/k/a BC CAPITAL GROUP LIMITED a/k/a BC CAPITAL GROUP GLOBAL; AND BC CAPITAL GROUP HOLDINGS S.A., <br><br> Defendants. | Case No. 1:12-cv-07127 <br><br> Hon. Edmond E. Chang |

**ORDER APPROVING RECEIVER'S PLAN OF
DISTRIBUTION AND TREATMENT OF CLAIMS**

This matter coming to the Court on the Receiver's Motion to Approve Plan of Distribution and Treatment of Claims (Corrected) [Dkt. #626] (the "Motion"); the Court having reviewed the Motion; all parties in interest having due notice; and the Court being otherwise fully advised in the premises;

It is hereby ORDERED:

1. The claims identified in Exhibit B to the Motion [Dkt. #626-2] are approved and each shall constitute an "Allowed Claim."

2. The Receiver's plan of distribution providing for payments to claimants in an amount equal to each claimant's Allowed Claim multiplied by the ratio of net receivership assets (*i.e.* total assets less approved administrative costs, including professional fees and expenses) divided by the sum of all Allowed Claims.

3. Objections to the Motion are overruled, including those filed by Stewart M. Tabak Dkt. #628], David and Jean Gray [Dkt. #632], Peter Skiouris [Dkt. #637]; Wayne and Carlotta Staniec [Dkt. #635]; William Ziemba [Dkt. #638]; Robert and Kerry Andrews [Dkt. #641]; Gail Friend [Dkt. #641]; Karen and Purvis Ferree [Dkt #641], and "Claimant 1000" [Dkt. #642]

4. The Receiver shall pay all distributions directly to each claimant or other representative specifically designated by the claimant in a notarized writing. Based on contact and transfer information provided by claimants in response to the Receiver's request, the Receiver shall pay distributions to claimants located outside the United States via wire transfer while paying claims within the United States through a cashier's check. The Receiver shall have the discretion to use alternative commercially reasonable payment methods where it deems necessary or appropriate in the interest of the receivership estate.

5. The Receiver is authorized to hold back a reserve based on anticipated costs to close the receivership, including payment of outstanding professional fees and expenses that may be the subject of any final fee application.

6. The Receiver is authorized and directed to pay such distributions from Receivership assets as soon as administratively practical.

DATED: December 27, 2018                ENTER:


                                                          s/Edmond E. Chang
                                        UNITED STATES DISTRICT COURT JUDGE